J. I. MASON, DOING BUSINESS AS MASON & COMPANY, v. TOWN OF
ANDREWS.

(Filed 10 June, 1927.)

**Appeal and Error—Burden of Proof—Evidence—Questions and Answers.**

The burden is on appellant to show error on appeal, and where he has
excepted to the exclusion of evidence, he must show its nature, and that
he has thereby been prejudiced.

APPEAL by defendant from *Harding, J.,* and a jury, at November
Term, 1926, of CHEROKEE. No error.

*D. H. Tillett and D. Witherspoon for plaintiff.*
*Moody & Moody for defendant.*

PER CURIAM. This case was here before on appeal by defendant from
a judgment in favor of plaintiff and a new trial awarded defendant.
*Mason v. Andrews,* 192 N. C., p. 135.

On the second trial in the court below, the plaintiff again obtained a
judgment against the defendant, and the defendant appealed again to
the Supreme Court.

Defendant made numerous exceptions and assignments of error to the
admission and exclusion of evidence on the trial in the court below, and
also to the charge of the court.

A great many exceptions and assignments of error made by defendant do not indicate in the record what the answer of the witnesses would have been.

In *Rawls v. Lupton, ante,* 430, citing a wealth of authorities, it is said: "There is nothing in the record to indicate or disclose what the answers would have been to the question propounded the witness. We cannot assume that they would have been favorable to plaintiff. The burden is on the appellant to show error; therefore, the record must set forth and disclose the materiality and competency of the evidence. The record is silent. A long line of unbroken authorities, civil and criminal, support the position here taken."

From a careful perusal of the record, we do not think the errors complained of by defendant on the whole material or prejudicial, or such as would be reversible error or entitle defendant to a new trial.

In *Simpson v. Tobacco Growers,* 190 N. C., at p. 605, it is said: "Error will not be presumed on appeal; it must be affirmatively established. Appellant is required to show error, and he must make it appear plainly, as the presumption is against him. *In re Ross,* 182 N. C., 477."

The court below tried the case substantially as indicated in the former opinion of this Court. It was mainly an issue of fact for the jury to determine.

In law, we find

No error.